JOHN CHANDLER v. J. WILEY MORGAN ET AL.

MARRIED WOMAN. *Power to give trust-deed, under Code 1871. Indemnity against penal bond. Case in judgment.*

D. having been arrested and imprisoned upon a criminal charge, his mother and father, in order to procure his release from custody till the next term of the court thereafter, procured M. to become surety on his bond for appearance, and on the 15th of June, 1876, executed jointly a deed of trust on her lands to indemnify M. against any loss on account of the forfeiture of the bond. On the 16th of January, 1877, D.'s mother, Mrs. H., and her husband, for a valuable consideration, sold and conveyed the same land to C., who had notice, actual and constructive, of the existence of the trust-deed for the benefit of M. D. failed to appear as required by his bond, a forfeiture was taken thereon, and M. had to pay the cost of the proceedings on the bond, though not the penalty thereof. He then caused the trustee in the deed of trust to advertise the land for sale to reimburse him for the costs thus paid out. C. filed a bill to enjoin the sale. M. answered, and proof was taken by both sides. On final hearing the bill was dismissed. *Held*, that the bill should have been maintained and the sale perpetually enjoined. Mrs. H. had no legal authority to charge her separate estate to indemnify the surety on the recognizance of her son, nor can the deed of trust be maintained as a charge on her income upon the ground that it was executed for the debt of her husband.

APPEAL from the Chancery Court of Wilkinson county.

Hon. H. S. VAN EATON, Chancellor.

On the 15th of June, 1876, Lina Hastings and her husband, William Hastings, executed to W. C. Miller, as trustee, a deed of trust on certain lands belonging to Mrs. Hastings. The trust-deed recited that Wiley Morgan had become bound unto the State in a certain penal bond for the sum of $400, D. C. Hastings being the principal therein, and Morgan being the surety, and " the condition of said bond being that said D. C. Hastings shall be and appear at the next term of the Circuit Court to be held in October next; " that the grantors therein were " desirous to secure the said Morgan against any and all loss in the premises because of the forfeiture of said bond; " and that in consideration of the sum of two dollars said Lina and William Hastings. thereby conveyed to said trustee the property therein described, " in trust for the following purpose and none other, to-wit: Should said parties of the first part (Lina and William Hastings) fail to pay and satisfy said Morgan for any loss he may incur, then it shall be

the duty of said party of the second part (the trustee) at the request of said party of the third part," (Wiley Morgan), upon certain specified terms, to sell a sufficiency of the land conveyed, and " apply the proceeds of said sale to the payment of the debt and interest thereon, and the cost of executing this trust, and the balance, if any, to be paid over to said parties of the first part. But should said parties of the first part well and truly pay said loss, if any, then this deed to be void and of no effect." This deed of trust was filed on the day of its date and duly recorded. D. C. Hastings had been arrested and imprisoned upon a criminal charge, and the bond referred to in the deed of trust was given to obtain his release till the next term of the Circuit Court thereafter.

On the 16th day of January, 1877, Lina Hastings and her husband, for the consideration of $2,000, sold and conveyed to John J. Chandler the land embraced in the deed of trust to Miller. At the time of his purchase Chandler had notice, both actual and constructive, of the deed of trust to Miller.

D. C. Hastings failed to appear at court as required by his bond, which was declared forfeited and judgment rendered for the penalty thereof against him and his surety, Wiley Morgan. The latter appealed to the Supreme Court where the judgment of the lower court was affirmed. The Governor then remitted the penalty against Morgan, but he was still left liable for the costs adjudged against him, and he had to pay the same. Thereupon he directed Miller, the trustee in the deed of trust, to sell the land therein conveyed, or a sufficiency thereof to reimburse him for the costs paid out on account of the forfeiture of the bond of D. C. Hastings. Miller had accordingly advertised the land for sale when, on the 12th of October, 1880, Chandler sued out an injunction against the sale on the ground that Mrs. Hastings, being a married woman, could not convey her land for the purpose mentioned in the deed of trust. But at the final hearing, upon bill, answer and proofs, the court rendered a decree dissolving the injunction and dismissing the complainant's bill.

*T. V. Nolan,* for the appellant.

Sect. 1780 of the Code of 1871. enumerates all the powers of married women over their separate property, and that statute has always been strictly construed by our courts. In other words, no power not expressly therein given, could be exercised by a married woman over her separate property. The general rule is that a married woman can make no contract, she cannot be bound by her covenant nor her conveyance; the exceptions exist only in express or positive law. *Stephenson* v. *Osborne*, 41 Miss. 119; 46 Miss. 618. It will be readily seen from a reference to sect. 1780, Code of 1871, that the execution of the deed in trust in question is not among the enumerated powers given to married women, and all others, as I have shown, are denied.

*Calhoon & Green* on the same side.

1. If the deed by the married woman was valid under the Code of 1871, did she, under the facts, owe Morgan anything? This contract was to secure him from any loss because of the forfeiture of the bond. The forfeiture was remitted and no loss accrued. If Morgan saw fit to litigate the question of forfeiture, not relying on his security, it was his own folly. It was not within the scope of the trust-deed indemnity. Under the condition of the bond no court could render any judgment against Morgan for costs.

2. The trust-deed did not bind the wife, being covered by no clause of the statute of 1871. It is too far-fetched to put it under the clause of hiring labor for the wife's plantation. The sole object was to get the son out of jail.

*S. S. Calhoon*, of counsel for the appellant, argued the case orally.

*D. C. Bramlett*, for the appellees.

Is the deed of trust executed by Lina Hastings, wife of William Hastings, such a contract as a married woman could thus make so as to bind the *corpus* of her estate? And in answer I say, that if by reason thereof some benefit accrues to the estate, or from and through the estate by reason of labor performed resulting, or intending to result, in the means

of support to the wife and her family, then it is such a contract. Unquestionably Lina Hastings could at that time —
1876 — have hired and contracted with laborers, employing them in cultivating her separate estate, and for the payment of such hire her separate estate would have been liable, and is not this really what she did in her contract with Morgan. The testimony of appellee Morgan is, that he went as security on the penal bond of Douglas Hastings, at the solicitation of Lina and William Hastings, who represented that " they wanted him out to work on the lands in controversy and help support the family." But, if I am mistaken in this view, then I insist that at least she, Lina Hastings, is the surety of her husband, William Hastings, and that the rents, etc., of the land can be subjected to the satisfaction of the damages sustained by Morgan. The testimony of L. K. Barber, a witness for appellant, is that William Hastings applied to him to assist in in getting Morgan, appellee, to go security on the penal bond of Douglas Hastings, and that they wanted him as a laborer on their farm, etc. The witness gave William Hastings a letter to Morgan ; he accomplished his object, and secured Morgan, by the deed of trust referred to, for damages to be sustained.

*D. C. Bramlett*, also made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

Mrs. Hastings had no legal authority to charge her separate estate to indemnify the surety on the recognizance of her son, nor can the deed of trust be maintained as a charge on her income upon the ground that it was executed for the debt of her husband. He owed no debt, and the deed of trust was not given to secure a debt or undertaking of the husband. He joined in it simply to enable his wife to convey. His liability was not thought of or looked to. The deed of trust on the wife's land was the thing bargained for and relied on, and not any liability of the husband.

Decree reversed, injunction restored and made perpetual, and decree here accordingly.